## JOHN FISKE *vs.* WILLIAM FOSTER.

A bill of exchange was drawn, in the State of Maine, by a citizen of that State, in favor of another citizen of that State, upon a citizen of this State, who accepted the same. *Held*, that a discharge of the acceptor, under the insolvent laws of this State, was not a bar to an action against him, on the bill, by the payee, who had not proved his claim thereon under those laws.

The statute of Maine, which enacts that in an action on a bill of exchange drawn or indorsed in that State, payable in this State, and protested for non-payment, the holder shall recover three per cent. damages, in addition to the contents of the bill and interest, does not entitle the holder to recover those damages in a suit brought against the acceptor in the courts of this State.

THIS was an action of assumpsit, commenced July 9th 1844, on the following bill of exchange : "Bangor, March 13th 1841. Sixty days after date, please pay to John Fiske, or order, the sum of one thousand dollars, for value received, and charge the same to account of your obedient servant, Joshua Hersey, jr. To William Foster, Esq., Boston." There were

also the money counts, and a count for three per cent. damages, on the statutes. The writ was made returnable to the court of common pleas, and the action was removed into the supreme judicial court on the affidavit of the defendant, pursuant to *St.* 1840, *c.* 87, § 3.

At the trial before *Shaw*, C. J. it appeared that the defendant accepted the said bill on presentment, and wrote on the face of it, "accepted. William Foster," and that the bill was protested for non-payment. It also appeared that the bill was drawn in the State of Maine; that the drawer and the plaintiff were then, and have ever since been, citizens of that State; and that the defendant then was, and now is, a citizen of the State of Massachusetts.

It appeared that it is enacted by the Rev. Sts. of Maine, *c.* 115, § 110, that when an action is brought on a bill of exchange, drawn or indorsed in that State, and payable out of the State, but within the United States, and protested for non-acceptance or non-payment, the holder, in an action against the acceptor, drawer or indorser, shall recover not only the contents of the bill and interest, but, in addition thereto, shall recover damages, at the rate of three per cent. on the amount of the bill, if it be payable in either of the States of New Hampshire, Massachusetts, &c.

It was in evidence that, after the commencement of the action, the defendant presented his petition, and was declared an insolvent debtor, under the provisions of *St.* 1838, *c.* 163, and the statutes in addition thereto, and that, on the 17th of October 1844, a certificate of discharge from all his debts was granted to him, pursuant to said statutes. It also was in evidence that the plaintiff had not proved his debt against the estate of the defendant, and had not in any way become a party to any of the proceedings against the defendant under said statutes.

The judge ordered a default to be entered, subject to the opinion of the whole court.

*A. H. Fiske*, for the defendant. This State is the place of performance of the defendant's contract, and therefore his

liability on the contract is discharged under the insolvent law of this State. *Andrews* v. *Pond,* 13 Pet. 77. *Ogden* v. *Saunders,* 12 Wheat. 213. *Worcester Bank* v. *Wells,* 8 Met. 107. *Blanchard* v. *Russell,* 13 Mass. 1. *Coolidge* v. *Poor,* 15 Mass. 427. *Braynard* v. *Marshall,* 8 Pick. 194. *Agnew* v. *Platt,* 15 Pick. 417. *Betts* v. *Bagley,* 12 Pick. 572. Story's Conflict of Laws, § 280.

The statute of Maine as to damages cannot have any extra-territorial effect. *Graham* v. *Lowrie,* 2 Taylor, 189. *Gale* v. *Eastman,* 7 Met. 14. Neither by the law merchant, nor by our Rev. Sts. *c.* 33, is an acceptor liable for penal damages. Story on Bills, § 398.

*Harlow,* for the plaintiff, cited *Springer* v. *Foster,* 2 Story R. 383, and Story's Conflict of Laws, §§ 340 – 344.

DEWEY, J. This case seems to fall within the principle of the decision in *Savoye* v. *Marsh,* (*ante,* 594,) decided at the present term. In the present case, the bill was drawn at Bangor, in the State of Maine, upon the defendant, a citizen of Massachusetts, in favor of the plaintiff, a citizen of Maine, and was accepted by the defendant. It was therefore directly a contract with a citizen of Maine, to pay to him a certain sum of money. Such contract is not discharged by the insolvent law of Massachusetts.

Upon the further question as to the right of the plaintiff to recover damages at the rate of three per cent. upon the amount of the bill, under the revised statutes of Maine, the court are of opinion that the plaintiff is not entitled to the same, and that we can give no effect to that statute in an action instituted here.

*Judgment on the default.*